UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,               Case No. 14-20427-05

v                                          Honorable Thomas L. Ludington

D-5, MELVIN ANDREW MORRIS,

               Defendant.
_____/

**ORDER DENYING MOTION FOR RETROACTIVE APPLICATION
OF SENTENCING GUIDLEINES**

On July 24, 2014, Defendant Melvin Andrew Morris was indicted on five counts of aiding and abetting the distribution of cocaine base. ECF No. 13. On September 23, 2015, a first superseding indictment was issued and he was indicted for one count of distribution of cocaine base and five counts of aiding and abetting the distribution of cocaine base. ECF No. 170. On November 30, 2015, the Government filed a motion to dismiss the five counts of aiding and abetting the distribution of cocaine. ECF No. 184. On December 1, 2015, the motion was granted, leaving only the count for distribution of cocaine base remaining. ECF No. 185. A jury trial was held and Defendant was found guilty of distribution of cocaine base. ECF No. 187.

Defendant had two prior felony domestic assault convictions under M.C.L. §750.81(2). ECF No. 279 at 2. The district court determined that these convictions were crimes of violence which qualified Defendant as a career offender under the United States Sentencing Guideline §4B1. *Id.* Defendant was sentenced to 180 months imprisonment. ECF No. 210.

That same day, Defendant filed a notice of appeal with the Sixth Circuit. ECF Nos. 211, 212. In his appeal, Defendant challenged his sentence, "arguing that his two prior felony convictions for domestic assault under Michigan Compiled Laws (M.C.L.) §750.81 [were] not

crimes of violence under §4B1.2." ECF No. 279 at 2. The Sixth Circuit affirmed the district court's sentencing and concluded that "a conviction under M.C.L. §750.81 is a crime of violence under the residual clause of the Guidelines." *Id.*

Defendant has now filed a motion for retroactive application of sentencing guidelines. ECF No. 286. He argues that his prior convictions under M.C.L. 750.81 did not qualify as crimes of violence under the residual clause of §4B1 of the Sentencing Guidelines. ECF No. 286 at 3. This is the same argument that he raised before the Sixth Circuit that the Sixth Circuit rejected. Because the Sixth Circuit has already ruled on this issue, Defendant's motion will be denied.

Accordingly, it is **ORDERED** that Defendant's motion for retroactive application of sentencing guidelines, ECF No. 286, is **DENIED**.


Dated: December 10, 2018                    s/Thomas L. Ludington
                                            THOMAS L. LUDINGTON
                                            United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 10, 2018.

                          s/Kelly Winslow
                          KELLY WINSLOW, Case Manager