# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

MELVIN ANDREW MORRIS,

    *Petitioner*,

v.

UNITED STATES OF AMERICA,

    *Respondent*.

_____/

CRIMINAL CASE NO. 14-CR-20427
CIVIL CASE NO. 19-CV-13263

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE, and MOTION FOR LEAVE TO FILE AMENDED PETITION, and RESPONDENT'S MOTION TO DISMISS and MOTION TO STRIKE**
(ECF Nos. 295, 297, 301, 303, and 306)

## I.   RECOMMENDATION

For the following reasons, **IT IS RECOMMENDED** that Petitioner's motions (ECF Nos. 295, 297, 303) be **DENIED** and that Respondent's Motions (ECF Nos. 301, 306) be **GRANTED** and that the civil case be **DISMISSED**.

## II.   REPORT

### A.   Introduction

Petitioner signed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 on October 1, 2019, and it was somehow hand delivered to this federal court on November 5, 2019. (ECF No. 295.) In addition, Petitioner dated another Motion to Vacate on October 2, 2019, but the return address on the envelope was Fait Accompli Legal Services, in Dearborn, Michigan, and it was postmarked October 29, 2019, and received by the Clerk of the Court on

October 30, 2019. (ECF No. 297.) On December 13, 2019, the government filed a motion to dismiss the Motions to Vacate. (ECF No. 301.)

Petitioner filed a motion for leave to amend his Motions to Vacate dated December 4, 2019, stamped as placed in the prison mail system on December 4, 2019, and e-filed on January 3, 2020. (ECF No. 303.) Petitioner contends that he needs to amend because the information he provided was incorrect because he "filed his first motion under 28 U.S.C. Section 2255 on September 28, 2019, by depositing it in the legal mail as per the legal mail procedures of FCI Gilmer. Postage for first class mail were prepared." (ECF No. 303, PageID.2012.)

On January 14, 2020, the government filed a motion to strike Petitioner's motion for leave to file an amended Motion to Vacate. (ECF No. 306.) In its motion to strikes, the government argues this claim is disingenuous because when Petitioner placed documents in the prison mail system, the document's envelope was stamped by the prison yet there is no such stamp on ECF No. 295 or 297. (ECF No. 306, PageID.2026, comparing ECF No. 303 that does show the prison stamp.) ECF No. 295 was hand delivered so no prison mail stamp would be expected there. ECF No. 297 was mailed to the court by Fait Accompli Legal Services so Petitioner could have placed this motion in the prison mail to be delivered to Fait Accompli but Fait Accompli failed to preserve this evidence or forward it to the Court, if it exists.

All the above motions have been referred to the undersigned and are ready for Report and Recommendations without oral argument. *See* E.D. Mich. LR 7.1(f)(2).

### B. Background

On October 10, 2014, Petitioner pleaded guilty to count 18 of an indictment charging Petitioner with distribution of cocaine base, under an aiding and abetting theory, in violation of

21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 18 U.S.C.§ 2. (ECF No. 79.) After it was learned that Petitioner qualified as a career offender, Petitioner was permitted to withdraw his guilty plea. (ECF No. 172.) A jury trial was held from December 1, 2015 through December 4, 2015. Petitioner was found guilty on Count 1 of the first superseding indictment, *i.e.*, distribution of cocaine base. Petitioner was sentenced to 180 months incarceration and 3 years supervised release. (ECF No. 210, PageID.1170-1171.) Petitioner filed a notice of appeal on the same day the judgment entered, *i.e.*, March 14, 2016. (ECF No. 210, 211.) The Sixth Circuit Court of Appeals filed an opinion on March 15, 2018 and a mandate followed on April 6, 2018. (ECF Nos. 279, 280.) The Sixth Circuit affirmed Petitioner's conviction and sentence and held that Petitioner's two prior felony convictions for domestic assault were properly considered crimes of violence under United States Sentencing Guidelines (USSG) § 4B1.2. (ECF No.279.) Petitioner's petition for a writ of certiorari to the United States Supreme Court was filed on August June 28, 2018 and the writ of certiorari was denied in a document dated October 1, 2018 but filed on October 2, 2018. (ECF Nos. 284, 285.)

On November 26, 2018, Petitioner filed a motion for retroactive application of the sentencing guidelines in this federal district court and on December 10, 2018, the motion was denied. (ECF No. 288.) Petitioner filed a Notice of Appeal on December 26, 2018 and on April 15, 2019, the Sixth Circuit Court of Appeals affirmed the district court's denial of his motion for a sentence reduction because Petitioner was ineligible for such a reduction under § 3582(c)(2) since the Sentencing Commission did not list Amendment 798 in USSG § 1B1.10(d). (ECF No. 291.) Petitioner did not seek a writ of certiorari this time.

3

### C. Analysis and Conclusion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996), established a one-year statute of limitations on 2255 petitions, which begins to run on the latest of four possible dates. 28 U.S.C. § 2255(f). It usually runs from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). When a 2255 petitioner does not file an appeal, the judgment of conviction is final when the time for filing a notice of appeal expires. *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004); *United States v. Cottage,* 307 F.3d 494, 499 (6th Cir. 2002). According to Federal Rule of Appellate Procedure 4(b)(1), a defendant has fourteen days from the entry of judgment to file a notice of appeal. *Gillis v. United States*, 729 F.3d 641, 644 (6th Cir. 2013.)   When a petitioner appeals to the Sixth Circuit, the appeal is dismissed, and there is no evidence that the petitioner sought a writ of certiorari to the United States Supreme Court, "§ 2255's one-year limitation period begins to run when the time for seeking such review expires." *Clay v. United States*, 537 U.S. 522, 532, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003). Where there is no evidence that a writ of certiorari was pursued, the limitation period becomes one year after the time for seeking certiorari expired, *i.e.*, one year and 69 days after the appeals court issued its mandate or one year and 90 days after the court of appeals entered its judgment. *Id.* If a petition for writ of certiorari is filed with the United States Supreme Court, "a conviction becomes final for purposes of triggering the one-year limitations period of section 2255 when certiorari is denied, regardless of whether a petition for rehearing is filed or when such petition is denied." *Robinson v. United States*, 416 F.3d 645, 650 (7th Cir. 2005).

The one-year period can also run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

In the instant case, since Petitioner appealed and eventually sought a writ of certiorari, his case became final on the date the writ of certiorari was denied. The government argues that the operative date is the date of denial, October 1, 2018, rather than the date it was filed, *i.e.*, October 2, 2018. (ECF No. 301, PageID.2006.) Research has not revealed any case dealing with the specific question as to whether the date of the document or the filing date is the operative date. In order to view the case most favorably for the Petitioner, I will consider the October 2, 2018 date to be the operative date.

Using October 2, 2018 as the salient date, Petitioner would have to file his Motion by October 2, 2019 to be timely.

The prison mailbox rule allows a document to be considered filed when it is handed to prison authorities for mailing to the Court. *Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999) (prison mailbox rule applies to 2255 motions). However, since neither of Petitioner's 2255 motions (ECF No. 2295, 297) were stamped as placed in the prison mailing system, this rule is of no help to Petitioner. Petitioner signed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on October 1, 2019, and it was somehow hand delivered to this federal court on November 5, 2019. (ECF No. 295.) In addition, Petitioner dated another Motion to Vacate on October 2, 2019, but the return address on the envelope was Fait Accompli Legal Services, in Dearborn, Michigan, and it was postmarked October 29, 2019, and received by the Clerk of the Court on October 30, 2019. (ECF No. 297.) Petitioner may have placed this motion

in the prison mail to be delivered to Fait Accompli but Fait Accompli failed to preserve this evidence or forward it to the Court, if it exists. Even if Petitioner had placed a draft of the Motion in the prison mail system on October 2, 2019, to be sent lawyers at Fait Accompli for their assistance, the prison mailbox rule would not provide any relief since the "mailbox rule applies only to (1) court filings (2) submitted by pro se prisoners" to the court. *Williams v. Russo*, 636 F. App'x 527, 531 (11th Cir. 2016). It does not apply to communications sent to lawyers to be reviewed and then forwarded to the court.

The motion from Fiat Accompli was postmarked October 29, 2019, long after the deadline of October 2, 2019 passed. (ECF No. 297.) The document that was hand delivered was not received until November 5, 2019, and there is no explanation for any delay between the signing of the motion and its delivery. (ECF No. 295.) Accordingly, I suggest that both were untimely filed.[1]

Petitioner does not request equitable tolling but even if he did, I suggest that he is not entitled to equitable tolling. A petitioner seeking equitable tolling of the statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418-19, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005). "Ineffective assistance of counsel does

---

1 It appears that the three-day period found in Fed. R. Civ. P. 6(d) would not assist Petitioner either. Rule 6(d) provides, "When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." This Rule applies to enlarge the time for objections to be filed to Report and Recommendations filed by Magistrate Judges and served on parties by mail. *See, e.g.*, *Brown v. Tritt*, 2016 WL 693484, at *1, n. 1 (E.D. Pa. Feb. 22, 2016) (person who was served by mail entitled to an additional three days for filing objections to the R&R), *accord United States v. Shields*, 2018 WL 2728905, *1 (N.D. Cal. June 7, 2018). Here, the certiorari denial was served on Petitioner via mail but case law has held that this rule "only enlarges the filing time [by three day] when the period of time for acting runs from the service of a notice, not when the time for acting is designated from entry of judgment." *McCarty v. Astrue*, 528 F.3d 541, 545 (7th Cir. 2008); *accord Adams v. Stephens*, 2014 WL 1261415, at *1 (N.D. Texas, Feb. 10, 2014) (Rule 6(d) "does not apply to deadlines for initial filings, such as habeas corpus petitions."); *see also* Wright & Miller, *Federal Practice and Procedure*, 4B Fed. Prac. & Proc. § 1171 (4th ed.).

not apply in this context, because [petitioner] possessed no right to counsel in the prosecution of a § 2255 motion." *Brown v. United States*, 20 Fed. Appx. 373, 375 (6th Cir. 2001). Petitioner was not prevented from using the mail system and he never sought an extension of time in which to file the motion. I therefore suggest that Petitioner has not shown that he is entitled to equitable tolling.

Even if the merits of all his documents are considered, the result would be the same. Petitioner asserts ineffective assistance of counsel but describes no conduct (ECF No. 295, PageID.1977) or provides only conclusory allegations that his "Sixth and Fourteenth Amendment rights were violated due to counsel's deficient actions prior and during his trial. Petitioner further contends that but for counsel's ineffective assistance, Petitioner's sentence would not have been substantively and procedurally unreasonable; which has caused Petitioner's aforementioned rights to be violated." (ECF No. 297, PageID.1990). Petitioner fails to point to one action or failure to act on the part of trial counsel, let alone how that act or failure to act caused him any prejudice. These conclusory allegations are woefully inadequate. As Rule 2(b) of the Rules governing 2255 motions states, "the motion must: (a) specify all the grounds for relief" and "(b) state the facts supporting each ground." "It is not for the courts to search the record and construct arguments. Parties must do that for themselves." *Brenay v. Schartow*, 709 F. App'x 331, 337 (6th Cir. 2017). When a Petitioner fails to even assert any facts or examples of alleged ineffectiveness, the court is left guessing and the Court "should not have to guess at the nature of the claim asserted." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). "Merely conclusory allegations of ineffective assistance . . . are insufficient to state a constitutional claim." *Wagenstahl v. Mitchell*, 668 F.3d 307, 343 (6th Cir. 2012). Said another way, "[a] party

7

waives issues that he adverts to in a perfunctory manner, unaccompanied by some effort at developed argumentation." *Thomas v. United States*, 849 F.3d 669, 679 (6th Cir. 2017).

Petitioner's second and third grounds fail for the same reason. Petitioner's second ground cites his lawyer's "failure to object to Rule 611 violation" and it also provides no factual description (ECF No. 297, PageID.1991) or again states in a conclusory manner that

> [t]he court shall not preclude relevant cross examination pursuant to Rule 611. In support of its argument that the Court should preclude any cross-examination of witnesses that goes beyond the scope of the testimony that the government elicits in its direct examination, the government quotes Rule 611(b) as stating that "[c]ross-examination should be limited to the subject matter of the direct examination and matters affecting the credibility of the witness." Here, counsel failed to object to the violation, which supports Petitioner's ineffective assistance of counsel claims.

(ECF No. 295, PageID.1978.) Petitioner's third ground simply states "failure to object to Rule 701 violation" with no supporting facts. (ECF No. 295, PageID.1980; ECF No. 297, PageID.1993).

Even if the Court were to consider allegations in Petitioner's motion to amend (ECF No. 303) Petitioner would not fare any better. Rule 15(a)(2) applies: "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The decision to grant or deny a motion to amend is within the sound discretion of the court. *Robinson v. Michigan Consol. Gas Co., Inc.*, 918 F.2d 579, 591 (6th Cir. 1990). Factors to consider include undue delay in filing the motion, notice to the opposing party, prejudice to the opposing party, and the futility of the proposed amendment. *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989) (*quoting Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973)).

8

Petitioner's additional two sentences under ground one allege that counsel "did object once" to leading questions being asked of "key government witness" but he does not name the witness nor does he allege why further objections were needed, let alone how any failure to object prejudiced him. (ECF No. 303, PageID.2017.) Under ground two, Petitioner at least identifies the witness, Detective Petro, but he only states a conclusion that Petro's "testimony improperly interpreting the video when there was nothing preventing the jury from deciding for themselves who or what was on the video. (ECF No. 303, PageID.2017.) Petitioner's third ground simply alleges ineffective appellate assistance for failure to raise grounds one and two on direct appeal. (*Id.*) Where, as here, the evidence of guilt is overwhelming, the possibility that the jury was "substantially swayed" by allowing Detective Petro to testify as to what was happening in a recorded transaction is virtually eliminated, such that any error is harmless. *United States v. Isaac*, 763 F. App'x 478, 482 (6th Cir. 2019). In addition, Petitioner has failed to point to any statement made by Detective Petro that "offered an erroneous interpretation of the video or could have substantially swayed the jury" *Id*. Since any amendment would be futile, I suggest that the proposed amended complaint would not work to save Petitioner's claims.

For all these reasons, I recommend that Petitioner's motions be denied and Respondent's motions be granted.

### III. REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P.

72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:   January 28, 2020                    S/ PATRICIA T. MORRIS
                                            Patricia T. Morris
                                            United States Magistrate Judge

## **CERTIFICATION**

      I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.   A copy was also sent via First Class Mail to Melvin Andrew Morris #50229039 at Gilmer Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 6000, Glenville, WV 26351.

Date: January 28, 2020                                By s/Kristen Castaneda
                                                              Case Manager