UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Petitioner,                  Case No. 14-20427-05

v                                            Honorable Thomas L. Ludington

MELVIN ANDREW MORRIS,

    Defendant-Respondent.

_____/

**ORDER OVERRULING PETITIONER'S OBJECTIONS, SUSTAINTING IN PART AND OVERRULING IN PART RESPONDENT'S OBJECTIONS, ADOPTING THE REPORT AND RECOMMENDATION IN PART, DENYING THE MOTIONS TO VACATE SENTENCE, DENYING MOTION FOR LEAVE TO AMEND MOTION TO VACATE, GRANTING MOTION TO DISMISS MOTIONS TO VACATE, GRANTING MOTION TO STRIKE, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

On July 24, 2014, Petitioner Melvin Andrew Morris was indicted on five counts of aiding and abetting the distribution of cocaine base. ECF No. 13. On September 23, 2015, a first superseding indictment was issued and he was indicted for one count of distribution of cocaine base and five counts of aiding and abetting the distribution of cocaine base. ECF No. 170. On November 30, 2015, the Government filed a motion to dismiss the five counts of aiding and abetting the distribution of cocaine. ECF No. 184. On December 1, 2015, the motion was granted, leaving only the count for distribution of cocaine base remaining. ECF No. 185. A jury trial was held and Petitioner was found guilty of distribution of cocaine base. ECF No. 187.

Petitioner had two prior felony domestic assault convictions under M.C.L. §750.81(2). ECF No. 279 at 2. The court determined that these convictions were crimes of violence which qualified Petitioner as a career offender under the United States Sentencing Guideline §4B1. *Id.* Petitioner was sentenced to 180 months imprisonment. ECF No. 210.

That same day, Petitioner filed a notice of appeal with the Sixth Circuit. ECF Nos. 211, 212. In his appeal, Petitioner challenged his sentence, "arguing that his two prior felony convictions for domestic assault under Michigan Compiled Laws (M.C.L.) §750.81 [were] not crimes of violence under §4B1.2." ECF No. 279 at 2. The Sixth Circuit affirmed the district court's sentencing and concluded that "a conviction under M.C.L. §750.81 is a crime of violence under the residual clause of the Guidelines." *Id.*

On November 26, 2018, Petitioner filed a motion for retroactive application of sentencing guidelines. ECF No. 286. He argued that his prior convictions under M.C.L. 750.81 did not qualify as crimes of violence under the residual clause of §4B1 of the Sentencing Guidelines. *Id.* at 3. The motion was denied and the decision affirmed on appeal.

On September 17, 2019, Petitioner filed a motion for discovery. ECF No. 293. The motion was denied because Plaintiff had no motions pending that required the requested discovery.

Petitioner has now filed two motions to vacate his sentence pursuant to 28 U.S.C. § 2255 and a motion for leave to amend his initial § 2255 motion. ECF Nos. 295, 297, 303. The Government filed a motion to dismiss Petitioner's motions to vacate. ECF No. 301. It also filed a motion to strike Petitioner's motion to amend because the original motions were untimely and the motion to amend contained factual inaccuracies. ECF Nos. 301, 306. The motions were referred to Judge Morris who recommended that Petitioner's motions be denied as untimely and the Government's motions granted.

The Government and Petitioner filed objections to Judge Morris' report. For the following reasons, the Petitioner's objections will be overruled, the Government's objections will be sustained in part and overruled in part, and the Report and Recommendation will be adopted in part.

**I.**

The timing of Petitioner's submission of his motions is important to the resolution of the case. Judge Morris explained receipt of the different motions as follows.

> Petitioner signed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. §2255 on October 1, 2019, and it was somehow hand delivered to this federal court on November 5, 2019. (ECF No. 295.) In addition, Petitioner dated another Motion to Vacate on October 2, 2019, but the return address on the envelope was Fait Accompli Legal Services, in Dearborn, Michigan, and it was postmarked October 29, 2019, and received by the Clerk of the Court on October 30, 2019. (ECF No. 297.) On December 13, 2019, the government filed a motion to dismiss the Motions to Vacate. (ECF No. 301.)
>
> Petitioner filed a motion for leave to amend his Motions to Vacate dated December 4, 2019, stamped as placed in the prison mail system on December 4, 2019, and e-filed on January 3, 2020. (ECF No. 303.) Petitioner contends that he needs to amend because the information he provided was incorrect because he "filed his first motion under 28 U.S.C. Section 2255 on September 28, 2019, by depositing it in the legal mail as per the legal mail procedures of FCI Gilmer. Postage for first class mail were prepared." (ECF No. 303, PageID.2012.)
>
> On January 14, 2020, the government filed a motion to strike Petitioner's motion for leave to file an amended Motion to Vacate. (ECF No. 306.) In its motion to strikes [sic], the government argues this claim is disingenuous because when Petitioner placed documents in the prison mail system, the document's envelope was stamped by the prison yet there is no such stamp on ECF No. 295 or 297. (ECF No. 306, PageID.2026, comparing ECF No. 303 that does show the prison stamp.) ECF No. 295 was hand delivered so no prison mail stamp would be expected there. ECF No. 297 was mailed to the court by Fait Accompli Legal Services so Petitioner could have placed this motion in the prison mail to be delivered to Fait Accompli but Fait Accompli failed to preserve this evidence or forward it to the Court, if it exists.

ECF No. 310 at PageID.2039-2040.

Judge Morris determined that both motions to vacate were untimely because Petitioner filed them more than a year after his judgment became final.

> [S]ince Petitioner appealed and eventually sought a writ of certiorari, his case became final on the date the writ of certiorari was denied. The government argues that the operative date is the date of denial, October 1, 2018, rather than the date it was filed, i.e., October 2, 2018. (ECF No. 301, PageID.2006.) Research has not revealed any case dealing with the specific question as to whether the date of the

> document or the filing date is the operative date. In order to view the case most favorably for the Petitioner, I will consider the October 2, 2018 date to be the operative date.
>
> Using October 2, 2018 as the salient date, Petitioner would have to file his Motion by October 2, 2019 to be timely.
>
> The prison mailbox rule allows a document to be considered filed when it is handed to prison authorities for mailing to the Court. *Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999) (prison mailbox rule applies to 2255 motions). However, since neither of Petitioner's 2255 motions (ECF No. 2295, 297) were stamped as placed in the prison mailing system, this rule is of no help to Petitioner. Petitioner signed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255 on October 1, 2019, and it was somehow hand delivered to this federal court on November 5, 2019. (ECF No. 295.) In addition, Petitioner dated another Motion to Vacate on October 2, 2019, but the return address on the envelope was Fait Accompli Legal Services, in Dearborn, Michigan, and it was postmarked October 29, 2019, and received by the Clerk of the Court on October 30, 2019. (ECF No. 297.) Petitioner may have placed this motion in the prison mail to be delivered to Fait Accompli but Fait Accompli failed to preserve this evidence or forward it to the Court, if it exists. Even if Petitioner had placed a draft of the Motion in the prison mail system on October 2, 2019, to be sent lawyers [sic] at Fait Accompli for their assistance, the prison mailbox rule would not provide any relief since the "mailbox rule applies only to (1) court filings (2) submitted by pro se prisoners" to the court. *Williams v. Russo*, 636 F. App'x 527, 531 (11th Cir. 2016). It does not apply to communications sent to lawyers to be reviewed and then forwarded to the court.
>
> The motion from Fiat [sic] Accompli was postmarked October 29, 2019, long after the deadline of October 2, 2019 passed. (ECF No. 297.) The document that was hand delivered was not received until November 5, 2019, and there is no explanation for any delay between the signing of the motion and its delivery. (ECF No. 295.) Accordingly, I suggest that both were untimely filed.

ECF No. 310 at PageID.2043-2044.

She further recommended that even if Petitioner's motions were to be considered on the merits, Petitioner's allegations of ineffective assistance of counsel were "woefully inadequate." *Id.* at PageID.2045. She also recommended denying Petitioner's motion to amend his motion to vacate because his proposed amendments would not save his complaint from its fatal deficiencies. *Id.* at 2046-2047.

## II.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2).  Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted).  If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).  De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*.

### III.

### A.

Petitioner has raised two objections to Judge Morris' report. Petitioner's objections will be overruled.

First, he contends that Judge Morris erred by not considering his response to the Government's motion to dismiss in which he claimed that both of the § 2255 motions (ECF Nos. 295, 297) had been forged. His response brief provides:

> [T]he two 2255 motions described in the government's Motion to Dismiss are forged, unauthorized documents. Defendant has never seen these documents, nor signed them. They were filed after defendant fired the legal service and after defendant had already filed his own pro se motion.

ECF No. 308 at PageID.2031.

Petitioner has provided no evidence to support his claim that the two § 2255 motions were not authorized by him. Furthermore, even if such a claim were true, Petitioner would have no relief available because there would be no other docketed § 2255 motions. He claims that he filed a separate pro se § 2255 motion, but there is no record of such a motion being filed nor does Petitioner furnish any evidence to support such a claim. The only claim for relief left would be Petitioner's motion to amend his pro se § 2255 motion, ECF No. 303, of which there is no record. However, as explained by Judge Morris, this motion to amend lacks merit. Petitioner's first objection will be overruled.

In his second objection, Petitioner argues that Judge Morris incorrectly characterized the evidence presented against Petitioner at trial as being "overwhelming." ECF No. 312 at PageID.2056–57. To the contrary, he claims that the evidence was minimal, consisting only of the testimony of a confidential informant and a video interpreted by a law enforcement officer. Regardless of whether the evidence was overwhelming or minimal, Petitioner does not explain

how this supports his claims of ineffective counsel or how the evidence would have improperly swayed the jury. Due to its lack of specificity, Petitioner's second objection will be overruled.

Petitioner has not furnished evidence to support his claim that the two § 2255 motions on the docket were not authorized by him. Additionally, Petitioner's motion to amend contains information that conflicts with his other representations and lacks merit. Accordingly, Judge Morris' report will be adopted on these matters, specifically her recommendation granting the Government's motion to dismiss the § 2255 motions and the Government's motion to strike Petitioner's motion to amend.

**B.**

The Government filed two objections to Judge Morris' report. It represents that the objections were "merely filed to address a couple of inaccuracies in the Report and Recommendation that do not appear to have an impact on the final outcome of this case, but are raised for the record." ECF No. 311 at PageID.2050.

In its first objection, the Government argues that Petitioner's judgment became final on October 1, 2018, not October 2, 2018 as provided in the Report and Recommendation. ECF No. 311. The Government explains that on October 1, 2018, the Supreme Court denied Petitioner's writ of certiori. It attaches as an exhibit the docket entry from the Supreme Court denying Petitioner's writ on October 1, 2018. *Id.* at PageID.2051. The Government is correct that this is the date upon which Petitioner's judgment was finalized. Its first objection will be sustained.

In its second objection, the Government argues that Judge Morris erred when she stated that Petitioner may have placed his § 2255 motion in the mail to Fait Accompli. The Government contends that this factual narrative is impossible because Petitioner claimed that his first two motions to vacate were forged and not signed by him. The Government's objection will be

overruled. It is unclear whether the § 2255 motions were authorized by Petitioner. Petitioner claims that he did not authorize them, but he provides no evidence to substantiate such a claim. Accordingly, Judge Morris is correct when she stated that Petitioner may have placed his § 2255 motion in the mail to Fait Accompli. The Government's second objection will be overruled.

## IV.

Petitioner has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability is not warranted in this case. The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

## V.

Accordingly, it is **ORDERED** that Petitioner's objections, ECF No. 312, are **OVERRULED**.

It is further **ORDERED** that the Government's objections, ECF No. 311, are **SUSTAINED IN PART** and **OVERRULED IN PART**.

It is further **ORDERED** that the Report and Recommendation, ECF No. 310, is **ADOPTED IN PART** and **REJECTED IN PART**. The only portion rejected is the representation that Petitioner's sentence became final on October 2, 2018. Petitioner's sentence became final on October 1, 2018.

It is further **ORDERED** that the two motions to vacate under § 2255 (ECF Nos. 295, 297) and Petitioner's motion for leave to file an amended § 2255 motion (ECF No. 303) are **DENIED**.

It is further **ORDERED** that the Government's motion to dismiss the motions to vacate (ECF No. 301) and the Government's motion to strike Petitioner's motion for leave to file an amended § 2255 motion (ECF No. 306) are **GRANTED**.

- 9 -

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED**.

Dated: July 30, 2020                     s/Thomas L. Ludington
                                         THOMAS L. LUDINGTON
                                         United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means **Melvin Andrew Morris** #50229-039, GILMER FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 6000, GLENVILLE, WV 26351 by first class U.S. mail on July 30, 2020.

                              s/Kelly Winslow
                              KELLY WINSLOW, Case Manager