UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,            Case No. 14-cr-20427-05

v.            Honorable Thomas L. Ludington
           United States District Judge
MELVIN ANDREW MORRIS,

           Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL AND DENYING WITH PREJUDICE DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

In 2015, a jury found Defendant Melvin Andrew Morris guilty of one count of distribution of cocaine base. In the seven years since his conviction, he has filed numerous motions seeking sentencing modifications or release. Now he seeks compassionate release.

Defendant's request will be denied because he has not demonstrated (1) an extraordinary and compelling reason for release or (2) that the factors of 18 U.S.C. § 3553 warrant release.

**I.**

In March 2016, Defendant was sentenced to 180 months' incarceration followed by 36 months of supervised release. ECF No. 210 at PageID.1169–71. He immediately appealed his sentence. ECF No. 211. But the Sixth Circuit affirmed his conviction and sentence. *See United States v. Morris*, 885 F.3d 405, 413 (6th Cir. 2018) ("Because M.C.L. § 750.81(2) constitutes a crime of violence under USSG § 4B1.2(a), Morris was correctly sentenced as a career offender."). He applied for a writ of certiorari, which the Supreme Court denied. *See Morris v. United States*, 139 S. Ct. 269 (2018) (mem.).

Eight months later, Defendant filed a motion for retroactive application of the Sentencing Guidelines, again arguing that his prior convictions were not crimes of violence, ECF No. 286, which was denied, ECF No. 288. He appealed that too, ECF No. 289, but the Sixth Circuit affirmed this Court again, ECF No. 291 at PageID.1958 ("The Sentencing Commission did not list Amendment 798 in USSG § 1B1.10(d), so the amendment cannot be used to reduce Morris's sentence under § 3582(c)(2)." (citation omitted)).

In October 2019, Defendant filed two motions to vacate his sentence under 28 U.S.C. § 2255, ECF Nos. 295; 297. Both were denied in July 2020. *See Morris v. United States*, No. 14-CR-20427, 2020 WL 5985201, at *4 (E.D. Mich. Jan. 28, 2020), *R&R adopted in part, rejected in part on other grounds*, No. 14-20427-05, 2020 WL 4364062 (E.D. Mich. July 30, 2020).

Before this Court now is Defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). ECF No. 389. He alleges he should be released from prison because of a nonretroactive change in law and COVID-19's impact on his imprisonment and mental health. ECF No. 389 at PageID.2557–58. The Government responded, ECF No. 391, and Defendant filed a "Motion to Amend/Supplement Filing for Reduction in Sentence," ECF No. 392, which will be construed as a reply.

## II.

As a threshold matter, Defendant seeks appointment of counsel to assist him in seeking compassionate release. *See* ECF No. 389 at PageID.2558–62.

The Sixth Amendment secures to a defendant who faces incarceration the right to counsel at all "critical stages" of the criminal process. *United States v. Wade*, 388 U.S. 218, 224 (1967). The Supreme Court has held that prisoners' postconviction right to counsel extends to only the first appeal of right and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).

The decision to appoint counsel is within the discretion of the courts, which should appoint counsel only if the interests of justice or due process so require. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986) (per curiam). Thus, appointed counsel is warranted only if, given the case's difficulty and the petitioner's ability, the petitioner (1) could not obtain justice without an attorney, (2) could not obtain a lawyer on his own, and (3) would have a reasonable chance of winning with the assistance of counsel. *United States v. Curney*, 581 F. Supp. 3d 910, 911 (E.D. Mich. 2022) (citing *Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002)); *accord United States v. Wright*, No. 1:20-CR-20378, 2022 WL 619648, at *1 (E.D. Mich. Mar. 2, 2022) (same).

Defendant has not shown that appointment of counsel is warranted. He argues he needs counsel to "supplement and perfect" his *pro se* filing. ECF No. 389 at PageID.2562. But a motion for compassionate release does not warrant appointed counsel. *See Curney*, 581 F. Supp. 3d at 912 (citations omitted) (holding that "seeking compassionate release does not involve complex facts or legal doctrines that would prevent [defendants] from effectively bringing the motion on [their] own behalf"). Plus, the local rules "exempt" *pro se* litigants from the citation standards of bar-licensed attorneys. *See* E.D. Mich. LR R6. And Defendant has already filed his motion for compassionate release and a reply brief. Accordingly, Defendant's motion to appoint counsel will be denied.

### III.

#### A.

A motion for compassionate release under § 3582(c)(1)(A) requires a two-part analysis.

The first part is exhaustion. A defendant may file a motion for a reduction under § 3582(c)(1)(A) only after requesting a reduction from the Bureau of Prisons (BOP) and then either (1) "fully exhaust[ing] all administrative rights" or (2) waiting until "30 days [have elapsed] from

the receipt of such a request by the warden." *See* 18 U.S.C. § 3582(c)(1)(A). This first step is a "mandatory claim-processing rule[]" that "must be enforced" if "properly invoked." *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020).

The second part involves the Sixth Circuit's three-step test:

> At step one, a court must find whether extraordinary and compelling reasons warrant a sentence reduction. At step two, a court must find whether such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. At step three, § 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case.

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (cleaned up). If any of § 3582(c)(1)(A)'s three prerequisites are missing, then this Court may deny the compassionate-release motion without addressing the other factors. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

**B.**

The first issue is whether, before filing his Motion, Defendant requested compassionate release from the BOP and then either (1) received a denial and fully exhausted his administrative remedies or (2) received no response but waited at least 30 days before filing his motion. *See* 18 U.S.C § 3582(c)(1)(A).

Defendant contends he exhausted his administrative remedies because he submitted a request for compassionate release to the BOP on August 10, 2022. ECF No. 389 at PageID.2592. Although the Government argues that "there is no record of receipt from a BOP staff member" and that "FCI Ray Brook 'could not locate a request from MORRIS,'" ECF No. 391 at PageID.2622, the Government has provided no proof to corroborate its claims.

This Court will assume that Defendant exhausted his administrative remedies. Defendant's reasons in his request to the BOP match the reasons in his motion for compassionate release. And 58 days passed between Defendant's BOP request and the postmark on his motion for compassionate release. *Compare* ECF No. 389 at PageID.2592, *with id.* at PageID.2615. That time suggests Defendant was waiting the required 30 days, as he had no apparent incentive to withhold his request longer than necessary.

C.

The next question is whether "extraordinary and compelling reasons" justify reducing Defendant's sentence. *See Jones*, 980 F.3d at 1108. Although Congress did not define "extraordinary and compelling reasons," the United States Sentencing Commission has identified several "extraordinary and compelling" reasons. *See* U.S. SENT'G GUIDELINES MANUAL § 1B1.13 cmt. n.1 (U.S. SENT'G COMM'N 2018) (identifying certain medical conditions, ages, and family circumstances, including reasons determined by the Director of the BOP).

Although § 1B1.13 is inapplicable when "an imprisoned person files a motion for compassionate release." *Jones*, 980 F.3d at 1109, the district court may "consider [§ 1B1.13] as part of its discretionary inquiry into whether a case presents extraordinary and compelling reasons for release," *United States v. Tomes*, 990 F.3d 500, 503 n.1 (6th Cir. 2021). In this way, "federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Jones*, 980 F.3d at 1111.

But that discretion is not unfettered. *See United States v. Hunter*, 12 F.4th 555, 562 (6th Cir. 2021). The Sixth Circuit has endorsed a textual analysis and requires courts to apply the ordinary meaning of the terms "extraordinary" and "compelling." *See id.* (noting that when §

3582(c) was enacted, "extraordinary" meant "most unusual, far from common, and having little or no precedent," and "compelling" meant "forcing, impelling, driving." (cleaned up) (quoting WEBSTER'S THIRD INTERNATIONAL DICTIONARY: UNABRIDGED 463, 807 (1971))).

Consistent with *Hunter*, this Court must determine whether Defendant's reasons for a reduced sentence are "extraordinary" and "compelling," as that language is commonly understood. *See id.*; *see also United States v. Powell*, No. 2:12-CR-20052-2, 2021 WL 613233, at *2 (E.D. Mich. Feb. 17, 2021) ("Several cases in the Eastern District of Michigan have adopted textual analyses to determine what reasons are 'extraordinary and compelling[.]'") (collecting cases).

Defendant alleges compassionate release is warranted because of "the misapplication of being sentenced as a career offender" and because of the impact COVID-19 has had on his mental health and the conditions at FCI Ray Brook. ECF No. 389 at PageID.2557–58.

But none of those reasons are extraordinary or compelling.

i.

Defendant first alleges the "misapplication of being sentenced as a career offender" is an extraordinary and compassionate reason to justify his release. *Id.* at PageID.2557–58.

But the Sixth Circuit has already determined that he was properly sentenced as a career offender under the 2015 Sentencing Guidelines because his prior felony convictions for domestic assault were crimes of violence. *See United States v. Morris*, 885 F.3d 405, 413 (6th Cir. 2018).

Although the Sentencing Guidelines have changed since Defendant was sentenced in 2016, the amendment at issue is not retroactive. *See* U.S. SENT'G GUIDELINES MANUAL, amend. 798 (U.S. SENT'G COMM'N 2010); *see also United States v. Jackson*, 901 F.3d 706, 710 (6th Cir. 2018) ("The Commission did not use its authority to make [Amendment 798] retroactive, as it has for other amendments.").

"Non-retroactive changes in the law, whether alone or in combination with other personal factors, are not 'extraordinary and compelling' justifications for a sentence reduction." *See Hunter*, 12 F.4th at 562.

**ii.**

Defendant next alleges his "mental health issues" are an extraordinary and compelling justification to release him from prison. ECF No. 389 at PageID.2573–79. Specifically, he claims to suffer from Post Traumatic Stress Disorder (PTSD), exacerbated by "the stressors associated with the pandemic (Global) COVID-19, continuous institutional lockdowns, along with harsh prison conditions." *Id.* at PageID.2576. But he has provided no record of any such diagnosis, *see generally id.*, and the Government reviewed his BOP medical records yet found nothing to support a PTSD diagnosis, *see* ECF No. 391 at PageID.2624.

Even if Defendant has PTSD, it is neither extraordinary nor compelling. *See United States v. Ruiz*, No. 2:17-CR-227, 2021 WL 1345419, at *3 (S.D. Ohio Apr. 12, 2021) (finding that a diagnosis of PTSD is not an extraordinary and compelling reason for early release); *see also* U.S. DEPT. OF VETERANS AFFAIRS, *How Common is PTSD in Adults?*, https://www.ptsd.va.gov/understand/common/common_adults.asp [https://perma.cc/ZNV2-MSE5] ("About 12 million adults in the U.S. have PTSD during a given year.").

**iii.**

Finally, Defendant asserts COVID-19 has caused "harsh prison conditions" that warrant his early release from prison. ECF No. 389 at PageID.2579. Specifically, he alleges these conditions subject him to cruel and unusual punishment in violation of the Eighth Amendment. *See* ECF No. 392 at PageID.2641–50.

But a compassionate release motion is not the appropriate mechanism to raise such a constitutional claim. *United States v. Butler*, No. 18-20256, 2022 WL 1617999, at *3 (E.D. Mich. May 23, 2022) (first quoting *United States v. Ballard*, No. 1:13CR21-1, 2021 WL 5235128, at *1 (S.D. Ohio Nov. 10, 2021); and then citing *United States v. Pooler*, No. 3:18-CR-00137, 2020 WL 7046964, at *7 (S.D. Ohio Dec. 1, 2020)). A constitutional claim is best addressed under 28 U.S.C. § 2255 or 42 U.S.C. § 1983. *Id.*

### iv.

In sum, Defendant has not demonstrated that a nonretroactive change in law, the effect of COVID-19 on his mental health, or the impact of COVID-19 on prison conditions are extraordinary or compelling. Consequently, his Motion for Compassionate Release will be denied.

### D.

The final issue is whether 18 U.S.C. § 3553's applicable factors justify a reduced sentence. *See United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020).

This Court could decline to proceed to the final issue—whether the § 3553 factors warrant release—because the lack of an extraordinary and compelling reason for release is dispositive. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others."). But to be thorough, this Court will consider the § 3553 factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for—
    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
    . . . .
(5) any pertinent policy statement—
    . . . .
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

  This final step requires more than a casual reference to § 3553 and its relevant factors. *See Jones*, 980 F.3d at 1112 ("[J]udges maintain an obligation to provide reasons in both sentencing-modification decisions, and traditional sentencing decisions." (internal quotation marks omitted)). But "a district judge need not specifically articulate its analysis of every single § 3553(a) factor" if "the record *as a whole* demonstrates that the pertinent factors were taken into account." *Id.* at 1114 (internal quotations marks omitted). Ultimately, the burden is on Defendant to "make a compelling case as to why the . . . § 3553(a) analysis would be different if conducted today." *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021) (presuming that a "district court's initial balancing of the § 3553(a) factors . . . [presumably] remains an accurate assessment as to whether those factors justify a sentence reduction").

  This Court has already sentenced Defendant after considering the § 3553(a) factors. *See* ECF No. 210. This Court's "initial balancing of the § 3553(a) factors during [Defendant's] sentencing" is presumed to "remain[] an accurate assessment as to whether those factors justify a sentence reduction." *United States v. Sherwood*, 986 F.3d 951 (6th Cir. 2021). And Defendant has not demonstrated any flaw in this Court's analysis.

The nature and circumstances of Defendant's crime are serious. Defendant supplied cocaine base to dealers over the course of several months. ECF No. 391 at PageID.2617–18. Defendant alleges that he has "continued remorse" for his "criminal indiscretions," ECF No. 389 at PageID.2585, and that he has engaged in educational programming before COVID-19 lockdowns and has continued rehabilitative efforts since lockdown by reading self-help books, ECF No. 392 at PageID.2654–55. But, as the Government points out, Defendant has been disciplined twice in the last two years for sexually-threatening or inappropriate conduct. *See* ECF No. 391-1.

The remaining length of Defendant's sentence also weighs against release. Defendant must show that his reasons for release are so powerful that they "warrant" a 55-month "reduction." 18 U.S.C. § 3582(c)(1)(A)(i). That inquiry depends, at least in part, on the time remaining on Defendant's sentence, as it requires him to justify the magnitude of his requested reduction. *See id.*; *United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020). Being generally remorseful and reading some self-help books does not warrant a 55-month reduction.

For these reasons, Defendant has not carried his burden to convince this Court that his § 3553(a) analysis would be different today nor that consideration of the § 3553(a) factors warrant a sentence reduction. *See* Alyssa C. Hennig, Note, *An Examination of Federal Sentencing Guidelines' Treatment of MDMA ("Ecstasy")*, 1 BELMONT L. REV. 267, 272 (2014) ("Section 3553(a)(2) requires that a defendant's sentence be 'sufficient, *but not greater than necessary*.'" (quoting 18 U.S.C. § 3553(a))). Consequently, his Motion will be denied.

### IV.

Accordingly, it is **ORDERED** that Defendant's Motion for Appointment of Counsel, ECF No. 389, is **DENIED**.

Further, it is **ORDERED** that Defendant's Motion for Compassionate Release, ECF No. 389, is **DENIED WITH PREJUDICE**.

Dated: November 29, 2022    s/Thomas L. Ludington
　　　　　　　　　　　　　　　THOMAS L. LUDINGTON
　　　　　　　　　　　　　　　United States District Judge